[No. 1680.]

JOHN WILSON v. THE STATE.

1. CARRYING AWAY TIMBER — TERM DEFINED — CHARGE OF THE COURT.— In a prosecution for carrying away timber, the court charged the jury as follows: "The word 'timber' as used in the statute is that sort of wood which is proper for building, or for tools, utensils, furniture, carriages, fences, ships, and the like, usually said of fallen trees, but sometimes of those standing." *Held,* a proper definition of the term "timber," as it is used in the statute, and that to sustain a conviction for carrying away timber, it must appear that the wood carried away came within such definition.

2. SAME — FACT CASE.— Wood suitable only for fuel does not come within the statutory definition of the word "timber." The evidence in this case, showing the wood carried away to be serviceable only for fuel, is insufficient to support a conviction for carrying away timber.

APPEAL from the County Court of De Witt. Tried below before the Hon. J. D. Terry, County Judge.

The conviction was for unlawfully carrying away timber from the land of Otto Buchel. The penalty imposed was a fine of $35.

The single witness examined testified that the wood carried away was a portion of the hollow trunk of a fallen post-oak tree, and that it could be used only as fire-wood.

The sufficiency of the evidence was the ground relied upon in the motion for new trial.

*A. B. Davidson* and *R. A. Pleasants*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. I. The court instructed the jury that "the word 'timber,' as used in the statute, is that sort of wood which is proper for building, or for tools, utensils, furniture, carriages, fences, ships, and the like, usually said of fallen trees, but sometimes of those standing. If the jury believe from the evidence that the wood taken by the defendant does not come within the above definition

of timber, they must acquit the defendant." The evidence established very clearly that the wood taken by the defendant did not come within said definition, but was suitable only for fuel. Hence, if the charge of the court is correct, the verdict of the jury is contrary to the law and the evidence.

The definition of "timber" contained in the charge is one of the definitions given to that word by Mr. Webster, and this definition was referred to and adopted by our supreme court in the case of *McCauley* v. *The State*, 43 Texas, 374, wherein it was held that fence rails were not timber within the meaning of the statute under which this conviction was had. Subsequently the Legislature declared that the word "timber" includes rails or other articles manufactured from timber. (Penal Code, art. 698.) Law lexicographers agree, substantially, with Mr. Webster in his definition of the word. (Abbott's Law Dictionary, "Timber;" Bouvier's Law Dic., "Timber-Trees.") And it has been held that a contract for the purchase of timber does not pass title to trees which are only useful for firewood. (*Nash* v. *Drisco*, 51 Me., 417.)

Following the authorities cited, we must hold that the word *timber*, as used in this statute, does not embrace wood which is suitable for no other purpose than fuel, and that the charge of the court contains the correct definition of the word. This view of the question is not affected by the statutory provision that the word "timber" shall include rails or other articles manufactured from timber, because the wood taken was neither timber, nor an article manufactured from timber. If the defendant had cut down the tree, he would have been punishable under the statute, although such tree might not have been a timber tree; but the tree being already felled, and not of that character embraced within the definition of timber, it was not an offense under this statute to carry it away, because the statute restricts the carrying away to *timber*, and all *trees* are not *timber*. (Penal Code, art. 697.) It might be theft to take wood which had been severed from the realty, but to constitute the offense of which defendant has been convicted, the wood taken and carried away must be *timber*, within the definition given in the charge of the court.

Because the verdict is contrary to the law and the evidence, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Opinion delivered January 10, 1885.]